**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DANIEL VALLE-SANTANA,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 23-9555
(Petition for Review)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Petitioner Daniel Valle-Santana petitions for review of a decision by the Board of

Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial

of his applications for withholding of removal and Convention Against Torture (CAT)

protection.  Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny his petition for

review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I

## 1. Factual Background

Petitioner is a native of Mexico and fears he will be harmed there on account of his family membership.  In 2019, Petitioner's brother fell victim to a fatal assault by a trio of siblings in Mexico.  Subsequently, in 2021, one of these siblings threatened Petitioner's sister, indicating that the group intended to inflict harm upon Petitioner's family.  Petitioner's family has lived in Mexico without additional harm or threat since 2021, and he could internally relocate within Mexico to avoid potential harm.

## 2. Procedural History

Petitioner entered the United States without inspection in 2004, left the United States under a grant of voluntary departure in 2009, and reentered the country without inspection in 2009.  In 2021, Petitioner pled guilty to reckless vehicular assault and driving under the influence in Colorado state court.  In immigration proceedings, Petitioner applied for withholding of removal, but the IJ determined that the reckless vehicular assault conviction was for a particularly serious crime and that, as such, Petitioner was not eligible for withholding of removal.  The IJ reasoned that "[c]rimes against persons are more likely to be categorized as serious."  ROA, Vol. 1 at 57 (citing *Matter of L-S-*, 22 I. & N. Dec. 645, 649 (BIA 1999)).  The IJ also determined that Petitioner had not shown he merited deferral under CAT and ordered Petitioner removed to Mexico.  The BIA affirmed the IJ's conclusions, and Petitioner was removed from the United States.

Subsequent to the BIA's decision, Petitioner filed an unopposed petition to withdraw his guilty plea to reckless vehicular assault. The district court for the County of Jefferson, Colorado, vacated Petitioner's guilty plea to reckless vehicular assault because the conviction was obtained in violation of the constitutions and laws of the United States and Colorado. The same day, the district court entered Petitioner's guilty plea to strict liability vehicular assault. Petitioner reentered the United States without inspection on August 30, 2023, and border patrol reinstated Petitioner's prior removal order.

## II

When considering a petition for review of a BIA decision, we review legal questions de novo. *Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011). Factual findings are reviewed under a substantial evidence standard. *Id.* The "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). Nonetheless, the factual findings must be "supported by reasonable, substantial and probative evidence considering the record as a whole." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (quoting *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006)), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 424–25 (2023).

We may not "independently search the record for alternative bases to affirm"; our "review is confined to the reasoning given" by the agency. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Our review is of the BIA's decision, with the

3

exception of "consult[ing] the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013) (quoting *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007)).

### III

The issues on appeal are (1) whether reckless vehicular assault qualifies as a particularly serious crime and therefore forecloses Petitioner's application for withholding of removal, (2) whether the vacatur of Petitioner's guilty plea requires us to remand this matter for reconsideration of Petitioner's application for withholding of removal, and (3) whether Petitioner should receive CAT protection.

1.  *Reckless Vehicular Assault*

Whether a conviction is for a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii), "will depend upon the specific facts in each case and, in judging the seriousness of a crime, the Board of Immigration Appeals will consider such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Matter of Frentescu*, 18 I. & N. Dec. 244, 244 (BIA 1982), *superseded in part on other grounds by amendment to* 8 U.S.C. § 1253(h)(2) (1991). Since *Frentescu*, the BIA's approach to particularly serious crime determinations has evolved such that "once [a non-citizen] is found to have committed a particularly serious crime, [the BIA] no longer engage[s] in a separate determination to address whether the [non-citizen] is a danger to the community." *In Re N-A-M-*, 24 I. & N.

4

Dec. 336, 342 (BIA 2007). The "proper focus . . . is on the nature of the crime and not the likelihood of future serious misconduct." *Id.* "Once a finding is made that an alien has been finally convicted of a particularly serious crime, it necessarily follows that the alien is a danger to the community of the United States." *Matter of Carballe*, 19 I. & N. Dec. 357, 357 (BIA 1986).

We cannot reweigh the evidence "to determine if the crime was indeed particularly serious," but "we can determine [under 8 U.S.C. § 1252(a)(2)] whether the BIA applied the correct legal standard in making its determination." *N-A-M- v. Holder*, 587 F.3d 1052, 1055 n.2 (10th Cir. 2009) (quoting *Brue v. Gonzales*, 464 F.3d 1227, 1232 (10th Cir. 2006)); *see also* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

Petitioner argues that the BIA did not properly consider the factors from *Frentescu*. Petitioner was convicted of reckless vehicular assault under a Colorado statute that provides as follows: "If a person operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another, such person commits vehicular assault." *See* Colo. Rev. Stat. § 18-3-205(1)(a). The BIA considered the nature of the conviction, i.e., that it was for a crime that involves injury to others or the potential to cause serious injury to others. The BIA also considered the circumstances and facts underlying the

5

conviction, namely, that Petitioner was driving under the influence of alcohol, that there was a car accident, and that the driver and a passenger of the other vehicle respectively suffered a broken foot and a head injury that required eleven staples. The BIA, therefore, applied the correct standards from *Frentescu* and *N-A-M-*.  *See Brue*, 464 F.3d at 1234–35 (concluding that the BIA considered the appropriate factors because it recited two of the *Frentescu* factors and discussed that the victim of a sexual assault was twelve years old and that Petitioner was a danger to the community).

Petitioner argues that the IJ did not discuss all reliable information in the record before determining Petitioner's conviction was for a particularly serious crime.  Specifically, Petitioner argues that the IJ did not discuss evidence that (1) the driver with the broken foot walked away from the scene and refused medical assistance, and (2) Petitioner was not able to speak in complete sentences at the scene because he was not fluent in English.  Petitioner also submits that the IJ and the BIA did not discuss that Petitioner's accident was two days after his brother's death, and the IJ and the BIA should have considered this fact under *Matter of B-Z-R-*, a decision in which the Attorney General held that "immigration adjudicators may consider a respondent's mental health in determining whether a respondent, 'having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States.'"  28 I. & N. Dec. 563, 567 (AG 2022) (quoting 8 U.S.C. § 1158(b)(2)).

6

As an initial matter, we remind Petitioner that our review is of the BIA's opinion, not the IJ's decision. *Karki*, 715 F.3d at 800 (quoting *Sarr*, 474 F.3d at 790). In addition, Petitioner's arguments cannot succeed because we "cannot reweigh evidence to determine if the crime was indeed particularly serious." *N-A-M-*, 587 F.3d at 1055 n.2. Moreover, the evidence underlying Petitioner's argument hardly rises to the level of compelling any reasonable adjudicator to conclude Petitioner was not under the influence or did not injure another person. *Ritonga*, 633 F.3d at 974.

Petitioner also argues that a crime with the mental state of recklessness cannot be considered a crime against a person. Petitioner's cited authority for this argument, however, *Borden v. United States*, 593 U.S. 420, 424 (2021), relies on the categorical approach of comparing the elements of federal crimes to the elements of state crimes, which the BIA stated has never been determined to apply to the "inherently discretionary determination of whether a conviction is for a particularly serious crime." *N-A-M-*, 24 I. & N. Dec. at 344. The BIA has also held that an individual's lack of intent to hurt anyone is insufficient to show that the individual is not subject to the particularly serious crime bar. *Matter of D-L-S-*, 28 I. & N. Dec. 568, 578 (BIA 2022).

2. *Vacatur of Petitioner's Plea*

Petitioner argues that the vacatur of his guilty plea to reckless vehicular assault means that this matter should be remanded for a determination of whether his substituted conviction is for a particularly serious crime and whether this bars

consideration for withholding of removal. Petitioner's argument that this issue was properly presented to the agency is dubious. The BIA issued its decision on June 7, 2023, and on July 10, 2023, the district court for the County of Jefferson, Colorado, vacated Petitioner's guilty plea for reckless vehicular assault and entered Petitioner's guilty plea to strict liability vehicular assault. In addition, Petitioner made no argument regarding the new conviction in his brief before the BIA, and the BIA did not discuss the new conviction in its decision. Petitioner simply stated in his brief that "he is in ongoing negotiations with the Jefferson County Conviction Integrity Office regarding Respondent's Vehicular Assault conviction, as that plea was obtained without Respondent's full knowledge of the consequences of his plea, and a joint motion for post-conviction relief is anticipated. At such time as a motion is filed and granted, Respondent will update the Board and submit a Motion to Remand on the basis of changed circumstances." ROA, Vol. 1 at 23. There is no indication Petitioner filed such a motion with the BIA.

We "shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). As such, we are "statutorily precluded from consideration" of the change in Petitioner's conviction. *See N-A-M-*, 587 F.3d at 1056 n.3 (declining to consider a petitioner's re-sentencing that was not in the administrative record). Even if we could consider information from outside the administrative record, Petitioner's most recent reentry without inspection into the United States means that "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible

8

and may not apply for any relief under this chapter, and the [noncitizen] shall be removed under the prior order at any time after the reentry." *See Tarango-Delgado v. Garland*, 19 F.4th 1233, 1238 (10th Cir. 2021) (quoting 8 U.S.C. § 1231(a)(5)).

### 3. Eligibility for CAT Protection

Petitioner argues that the BIA's determination that he failed to establish it was more likely than not he would be tortured was not supported by substantial evidence. Accepting Petitioner's argument on this issue would require us to re-weigh the evidence, which we cannot do. *See Sidabutar*, 503 F.3d at 1122. Petitioner submits that the individuals who killed his brother were connected with a cartel and held influence over the police, that the police refused to investigate whether Petitioner's brother's death was a murder, and that the threat to Petitioner's family continues. These arguments, however, are Petitioner's own interpretation of the evidence, and Petitioner points to no evidence that would "*compel*" any reasonable adjudicator to find facts contrary to those found by the agency. *Id.* at 1122 (quoting *Sarr*, 474 F.3d at 788–89) (emphasis added). The agency's findings of fact—that Petitioner's family has lived in Mexico without harm or threat since early 2021 and that Petitioner could relocate within Mexico to avoid harm—are conclusive. *See id.*

**IV**

For the foregoing reasons, we deny Petitioner's petition for review.

Entered for the Court


Mary Beck Briscoe
Circuit Judge